UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRENDA PERCELL,

      Plaintiff,

vs.                                Case No. 3:05-cv-116-J-HTS

MICHAEL J. ASTRUE,
Commissioner of
Social Security,[1]

      Defendant.

## OPINION AND ORDER[2]

### I. Status

Brenda Lou Percell is appealing the Social Security Administration's denial of her claim for Supplemental Security Income. Her alleged inability to work is based on arthritis of the spine, back pain, and breathing problems. Transcript of Administrative Proceedings (Tr.) at 134. Plaintiff was found not disabled by Administrative Law Judge (ALJ) William H. Greer, in a Decision entered on September 18, 2004. Tr. at 13, 21, 22 (Finding

---

[1] Pursuant to Rule 25, Federal Rules of Civil Procedure, Michael J. Astrue, Commissioner of Social Security, is substituted as Defendant herein.

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #17).

9). Ms. Percell has exhausted the available administrative remedies and the case is properly before the Court.

Plaintiff argues "the ALJ erred when he failed to properly address [her] testimony and assess her credibility[.]" Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #13; Memorandum) at 11 (emphasis omitted); *see also id.* at 1. Additionally, she contends the judge improperly assigned "'little weight' to the opinion of T. Sullivan, ARNP," since "his sole reason for" doing so "was because she was not an 'acceptable medical source[.]'" *Id.* at 1, 16 (emphasis omitted).

## II.  Legal Standard

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if . . . supported by 'substantial evidence[.]'" *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such

---

[3] "Disability" is defined in the Social Security Act as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A).  An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy.  *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Despite the existence of support in the record, the ALJ's determination may not be insulated from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached. *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

**A. Pain**

Claimant urges the ALJ incorrectly "determined that [her] testimony of disabling impairments and limitations was not credible because her activities were not consistent with her complaints of pain." Memorandum at 11. Ms. Percell asserts the judge made his credibility finding "without any specific explanation as to why [the claimed] symptoms and limitations are not credible, except to state that her activities are inconsistent with [her] testimony." *Id.* at 14 (capitalization omitted).

The regulations recognize "[p]ain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" 20 C.F.R. §§ 404.1545(e); 416.945(e); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th

Cir. 1992) (per curiam).  The standard in the Eleventh Circuit for evaluating the Commissioner's treatment of pain testimony has been articulated as follows:

> The [Commissioner] must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); *see also Eckert v. Comm'r of Soc. Sec.*, 152 F. App'x 784, 790 (11th Cir. 2005) (per curiam); SSR 96-7p (outlining how subjective complaints are to be evaluated).  "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561.

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.  If the ALJ refused to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility."  *Marbury*, 957 F.2d at 839 (citation omitted). "Failure to articulate the reasons for discrediting subjective [pain] testimony requires, as a matter of law, that the testimony be accepted as true."  *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam).

The judge described the pain standard and acknowledged the dictates of the regulations and SSR 96-7p. *See* Tr. at 18. He then discussed portions of the medical record and determined Claimant's residual functional capacity. *See id.* at 18-20. The ALJ indicated he "considered the claimant's complaints of severe pain and f[ound] them not credible to preclude work." *Id.* at 20. "Moreover," he explained, "the claimant's activities are not consistent with her complaints of pain. The claimant testified that she live[s] with her 6 children that range from age 11 to 17. She testified that she does grocery shopping and takes care of the household chores with her children's help." *Id.*

According to the Commissioner, "Plaintiff appears to narrowly view the ALJ's analysis as consisting of no more than his articulation of the standard . . . and the single paragraph" in which he describes her pain as inconsistent with her activities. Memorandum in Support of the Commissioner's Decision (Doc. #14; Opposition) at 7. "Plaintiff discounts the intervening two pages, which contain the ALJ's explanation of how Plaintiff's allegations are inconsistent with the medical evidence. The ALJ appropriately incorporated his assessment of Plaintiff's allegations of pain into his discussion of Plaintiff's residual functional capacity[.]" *Id.* While there may be some degree of merit to Defendant's position, the ALJ clearly placed emphasis on the alleged inconsistency between daily activities and complaints of pain. Of note, the

- 5 -

Commissioner does not even attempt to justify the judge's reliance upon this factor, or to explain why any error committed in connection therewith should be deemed harmless.

"[D]aily activities are a valid consideration for determining disability status in conjunction with other presented evidence." *Green v. Apfel*, No. CIV. A. 97-3108, 1999 WL 179470, at *5 (E.D. La. Mar. 26, 1999); *see also Webster v. Barnhart*, 343 F. Supp. 2d 1085, 1087 n.5 (N.D. Ala. 2004) (Among the "factors the court considers in evaluating whether pain is disabling are attempts to find relief from pain, willingness to try treatment, regular contact with a doctor, and daily activities.") (quoting *Glenn v. Apfel*, 102 F. Supp. 2d 1252, 1258 (D. Kan. 2000)); *Luper v. Apfel*, No. CIV. 99-1494-FR, 2000 WL 1372836, at *8 (D. Or. Sept. 8, 2000) ("'[I]f a claimant is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that [are] transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.'") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)) (alterations in original).

At the first administrative hearing, Plaintiff testified she had not driven a car in several years due to the side-effects of medication. Tr. at 344. She also indicated she could not sit for prolonged periods. *Id.* at 345. At the supplemental hearing, in response to questioning about the impact of her asthma, Ms. Percell

stated she was able to walk about a block.  *Id.* at 360.  Due to back problems, she could sit or stand for approximately ten minutes at a time.  *Id.*  As observed by the ALJ, Claimant testified to living with her six children, who ranged in age from eleven to seventeen.  *Id.* at 361.  The children were performing most of the household chores, including vacuuming, sweeping, and cleaning the bathroom.  *Id.*  Claimant merely cooked.[4]  *Id.*  Ms. Percell did shop for groceries, but only with assistance.  *Id.*  Plaintiff affirmed she was still not able to drive.  *Id.* at 361-62.

These extremely limited daily activities do not appear inconsistent with Ms. Percell's contention she is unable to work. "The Eleventh Circuit has rejected the idea that 'participation in everyday activities with short duration, such as housework or fishing, disqualifies a claimant from disability . . . .'" *White v. Barnhart*, 340 F. Supp. 2d 1283, 1286 n.8 (N.D. Ala. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997)) (also stating that daily activities such as taking care of personal hygiene, cooking, housework, and occasional driving did not show the plaintiff could work).  Here, Plaintiff's activities seem generally to be of short duration and her children are relied upon as a major source of help.  There was no testimony relating to

---

[4] In light of this testimony, the judge's statement Plaintiff "takes care of the household chores with her children's help" seems perhaps overly optimistic.  *Id.* at 20; *cf. id.* at 153-54 (form completed by Ms. Percell indicating she was not even able to cook every day, could not perform "any type of house work" or yard work, and had assistance with child care) (capitalization omitted).

daily activities that would undermine her allegation that she suffers from pain of such a degree as to prevent her from performing full-time competitive work. Thus, this reason for discrediting her testimony was not supported by substantial evidence. On remand, the credibility of Claimant's subjective complaints must be re-evaluated and reasons supported by substantial evidence shall be set forth if her testimony is to be discounted.

### B. Nurse Opinion Inadequately Discussed

It is next argued evidence from a nurse "regarding the impact of Ms. Percell's impairments on her ability to work must be specifically addressed by the ALJ. It was not enough to just state [he] was assigning 'little weight' to this evidence; he was required to state specifically why he disregarded these opinions." Memorandum at 19. According to Claimant, "it was error for the ALJ to assign 'little weight' to the opinions of [Nurse] Sullivan solely because she is not an 'accepted medical source'." *Id*. at 16.

"Although an ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision . . . ." *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). Rather, the judge "must explain why significant probative evidence has been rejected." *Vincent v. Heckler*, 739

F.2d 1393, 1395 (9th Cir. 1984) (per curiam) (citation and internal quotation marks omitted).

Pursuant to the regulations, a nurse is not considered an acceptable medical source. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). Still, "evidence from other sources" such as nurse practitioners may be used "to show the severity of [a claimant's] impairment(s) and how it affects [his/her] ability to" engage in work-related activities. *Id.* at §§ 404.1513(d), 416.913(d). The opinions of a treating nurse practitioner constitute "evidence to be considered on the record as a whole." *Gramlisch v. Barnhart*, 464 F. Supp. 2d 876, 881 (E.D. Mo. 2006). An "ALJ is not free to disregard the opinions of health care professionals simply because they are not medical doctors." *O'Connor v. Barnhart*, No. C03-3081-MWB, 2004 WL 2192730, at *5 (N.D. Iowa Sept. 28, 2004); *see also* SSR 06-03p ("Opinions from . . . medical sources . . . not technically deemed 'acceptable medical sources' . . . are important and should be evaluated on key issues . . . ."); *cf. Reliford v. Barnhart,* 444 F. Supp. 2d 1182, 1188 (N.D. Ala. 2006) ("improper and unreasonable" for ALJ to reject opinions of treating physical therapist due to his not being acceptable medical source); *Miles v. Barnhart*, 410 F. Supp. 2d 1113, 1116-17 (N.D. Ala. 2006) (rejection of treating therapist "as a medical source" erroneous, as such a provider is qualified under the regulations to comment on a condition's severity and effect on ability to work). "[D]epending

on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source'" can even "outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source."  SSR 06-03p.

The evidence at issue is from T. Sullivan, a treating nurse practitioner.  *See, e.g.*, Tr. at 215-18, 314-23, 332-33.  The ALJ explained he "considered the opinion of T. Sullivan . . . dated January 7, 2004[.]"  *Id.* at 20; *see id.* at 315-19.  However, "[t]he Administrative Law Judge assign[ed] little weight to this opinion, because this opinion is not [from] an acceptable medical source given that it was not completed by a physician."  *Id.* at 20.

The Commissioner now asserts, without citation to the transcript, "the ALJ noted that not only was Ms. Sullivan not an acceptable medical source, but also that her assessment was not supported by other evidence . . . ." Opposition at 5.  The Court's examination of the Decision fails to reveal any such explicit statement by the ALJ that Nurse Sullivan's assessment was unsupported by other evidence, although at one point he alleged "[p]rogress notes[, which are from Nurse Sullivan,] reveal that the claimant is receiving conservative treatment with medication[.]"  Tr. at 18.  The *only* overt evaluation of the opinions is formed by the comment they were "assign[ed] little weight [since] not [from] an acceptable medical source[.]"  *Id.* at 20.

It may be that, were the judge to more carefully consider the opinions of the treating nurse, he would reject them much as he discounted findings made by Dr. Jaime M. Revollo. *Cf. id.* at 18-19. Nevertheless, Ms. Sullivan's opinions are potentially probative of disability and the Decision suggests they were improperly disregarded. On remand, the evidence of record from this nurse must be re-evaluated in keeping with the above discussion.

## IV. Conclusion

In accordance with the foregoing, it is hereby **ORDERED:**

The Clerk of the Court is directed to enter judgment pursuant to 42 U.S.C. § 1383(c)(3) **REVERSING** the Commissioner's decision and **REMANDING** this matter with instructions to: 1) re-evaluate Claimant's pain complaints and, if her testimony is to be discounted, set forth reasons supported by substantial evidence; 2) reconsider the opinions of Nurse Sullivan in a manner consistent with the Court's discussion; and 3) conduct any other proceedings deemed proper.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of April, 2007.

/s/       Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and pro se parties, if any